

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00346-CV

IN THE INTEREST OF E.F., A
MINOR CHILD

----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2013-50361-367

----------

## MEMORANDUM OPINION[1]

----------

Pro se Appellant R.C.F. (Father) attempts to appeal "from the order . . . orally entered . . . on October 11, 2014." On November 5, 2014, we notified the parties of our concern that we have no jurisdiction in this matter because it appears that there is no final judgment or order subject to appeal, and we allowed the parties a reasonable time to cure the defect. On December 22,

---

[1]*See* Tex. R. App. P. 47.4.

2014, we reiterated the jurisdictional concerns stated in our first letter and notified the parties of our additional concern that we lack jurisdiction because "'the order (that) was orally entered'" does not appear to be a final judgment or appealable interlocutory order. We indicated that we could dismiss this appeal for want of jurisdiction absent a timely response showing grounds to continue the appeal. We received no response to either letter.

The "Register of Actions" in this case, which is still pending below, does not indicate that the trial court signed or rendered an order on October 11, 2014, but does provide an October 10, 2014 "Judicial Docket Entry" indicating that a temporary order was rendered on October 10 after a hearing on a motion for temporary orders. No written, temporary order appears to have been signed. But even a written, temporary order signed by the trial judge is not an appealable interlocutory order.[2]

Accordingly, we dismiss this appeal for want of jurisdiction.[3]

---

[2]*See* Tex. Fam. Code Ann. § 105.001(e) (West 2014); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West Supp. 2014) (listing types of appealable interlocutory orders); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating that generally an appeal may be taken only from a final judgment and that a judgment is final and appealable if it disposes of all parties and all issues); *In re J.W.L.*, 291 S.W.3d 79, 83 (Tex. App.—Fort Worth 2009, orig. proceeding [mand. denied]) (reiterating that temporary orders in family law cases are not appealable).

[3]*See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  January 29, 2015